# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-cv-2927 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| $1,117,369.00 in U.S. Currency, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court is the motion of Claimant Tyra Zwick ("Zwick") for partial relief from the stay of the instant civil forfeiture action. (Doc. No. 34 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 35 (Objection).) For the reasons that follow, the motion is denied.

## I. BACKGROUND

On December 20, 2018, the government instituted a civil forfeiture action under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981(a)(1), against various assets believed to be associated with an illegal gambling operation. (*See* Doc. No. 1 (Complaint) ¶ 9.) Specifically, the complaint alleged that the asserts were either involved in money laundering or represented the proceeds from a criminal enterprise and subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C). (*Id.*) Among the assets identified as subject to forfeiture, and relevant to the present motion, were $20,000 in U.S. Currency and a 2017 Mercedes GLC. (*Id.* ¶¶ 3,7.)

Also on December 20, 2018, the government filed notices to potential parties-in-interest, along with copies of the complaint. In the notice to Zwick, she was advised that, in order to

preserve her claim to the subject property, she would have to do the following: (1) file a verified claim within thirty-five (35) days after receipt of the complaint pursuant to Rule G(5) of the Supplemental Rules of Admiralty or Maritime and Asset Forfeiture Claims; and (2) file an answer within twenty (20) days of the filing of the verified claim. (Doc. No. 1-16 (Notice to Zwick) at 1–2[1].) The notice warned that failure to comply with the filing requirements would result in default of the claim. (*Id*. at 2.) Zwick was served by the Clerk on December 21, 2018. On February 19, 2019, Zwick filed an answer. (Doc. No. 29.) However, Zwick failed to file a verified complaint, and the time for such a filing has passed.

On February 28, 2019, the government moved to stay the civil forfeiture action "pending return of an indictment and resolution of the related criminal investigation." (Doc. No. 30 at 2.) The motion for a stay was supported by an affidavit from Assistant United States Attorney ("AUSA") Henry DeBaggis, who averred that "[a] stay of the civil forfeiture action is necessary to protect the government's criminal investigation from the expansive scope of civil discovery." (Doc. No. 30-1 (Affidavit of Henry F. DeBaggis) ¶ 4.) AUSA DeBaggis explained that "civil discovery could compromise confidential law enforcement information (including, but not limited to, source information), as well as provide other improper opportunities for the claimant to prematurely ascertain the details of the government's criminal investigation." (*Id*. ¶ 5.) The motion further provided that "the outcome of any criminal proceeding will likely determine the outcome of the instant case; namely, the forfeiture sought in the instant case would be litigated as part of the criminal case." (Doc. No. 30 at 4.) For good cause shown, the Court granted the stay

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system. Further, unless otherwise noted, all case citations refer to N.D. Ohio Case No. 5:18-cv-2927.

and administratively closed the case as of March 1, 2019. (Doc. No. 31.)

## II. LAW AND DISCUSSION

Zwick now seeks a partial lifting of the stay to permit her to pursue her purported rights to the $20,000 in U.S. Currency and the 2017 Mercedes GLC. (Doc. No. 34 at 1.) In support, she argues that the continuing deprivation of these assets has resulted in a hardship to her because she is currently leasing a vehicle and that the lease will run out in less than a year, and because she requires both the vehicle and the cash in order to provide and care for two children for whom she has partial custody. (*Id*. at 3–4.) She complains that "it is now over two years later [from the imposition of the stay] and the posture of the case has not changed at all, at least as it pertains to [Zwick]." (*Id*. at 4.)

### A. Zwick has not Complied with Statutory Forfeiture Laws

As an initial matter, the government argues that Zwick lacks statutory standing to challenge the stay because she never filed a verified claim. (Doc. No. 35 at 1 n.1.) Under CAFRA, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims[.]" 18 U.S.C. § 983(a)(4)(A). To contest a government forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and the Article III standing required for any action brought in federal court. *United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir. 1998) (citing *United States v. Currency $267.961.07*, 916 F.2d 1104, 1107 (6th Cir. 1990)). Statutory standing is established through strict compliance with Supplemental Rule G(5). *See United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004). With respect to Article III standing, a claimant must

demonstrate "a legally cognizable interest in the defendant property." *Id.* (quoting *$267,961.07*, 916 F.2d at 1108). Failure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action. *Id.* (citation omitted).

Supplemental Rule G(5) provides, in part:

A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A)  identify the specific property claimed;

(B)  identify the claimant and state the claimant's interest in the property;

(C)  be signed by the claimant under penalty of perjury; and

(D)  be served on the government attorney designated under Rule 4(G)(a)(ii)(C) or (b)(ii)(D).

Fed. R. Civ. P. Supp. Rule G(5)(a)(i). The claim must be filed by the time stated in a direct notice, or, where notice was published by publication, no less than 60 days after the first day of publication on an official internet government forfeiture site. Fed. R. Civ. P. Supp. Rule G(5)(a)(ii). A claimant must then serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after the filing of the claim. Fed. R. Civ. P. Supp. Rule G(5)(b).

"A claimant is held to 'strict compliance with the provisions'" of the statutory forfeiture filing requirements. *See United States v. Thirty-Five Firearms*, 123 Fed. App'x 204, 206 (6th Cir. 2005) (quoting *United States v. One Assortment of Eighty-Nine Firearms*, 846 F.2d 24, 26 (6th Cir. 1988) (affirming the striking of an answer which was not preceded by a verified clam)); *see also United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 824 (E.D. Mich. 2006) (Where claimant failed to timely comply with filing requirements, "'[t]he policies

favoring timely disposition of assets, judicial economy, and finality of judgments support application of a rule of strict compliance.'") (quoting *United States v. $11,918.00*, No. 1:03-cv-5679, 2007 WL 3037307, at *7 (E.D. Cal. Oct. 17, 2007)). Courts have consistently denied claims as defaulted where the claimant failed to comply with the statutory filing requirements. *See, e.g., United States v. $5,730.00*, 109 F. App'x 712, 713–15 (6th Cir. 2004) (affirming entry of default judgment where district court struck claimant's answer due to lack of statutory standing because claimant failed to submit a "verified statement identifying the interest or right"); *United States v. Real Property Located in Merced Cnty.*, No. 1:03-cv-6613, 2008 WL 706599, at *6 (E.D. Cal. Mar. 14, 2008) (granting motion to strike answer and entering default judgment where claimant filed an answer but no claim of interest in civil forfeiture action).

Here, Zwick filed an answer but failed to file a verified claim. It does not, therefore, appear from the docket that Zwick has statutory standing to challenge the Court's stay or the government's underlying forfeiture action. Nevertheless, because the government has not moved for default against Zwick, the Court will reach the merits of Zwick's request for partial relief from the stay.

### B. Continuation of the Stay is Warranted

While Zwick complains that little has changed since the Court first imposed the stay in this action, the reality is that the government's ongoing criminal investigation has resulted in the filing of a criminal action. On May 13, 2021, a superseding indictment issued in Northern District of Ohio Case No. 5:21-cr-259. (N.D. Ohio No. 5:21-cr-259, Doc. No. 10.) The superseding indictment charges various defendants with participation in an illegal gambling operation, fraud, and tax evasion. (*Id.*) Zwick has not been charged as a defendant in this

criminal action, even though she is identified in the civil forfeiture complaint as a co-conspirator. (Doc. No. 1 ¶ 10.) Nevertheless, the superseding indictment includes a forfeiture provision that identifies both the $20,000 in U.S. Currency and the 2017 Mercedes GLC as assets that are subject to forfeiture. (N.D. Ohio Case No. 5:21-cr-259, Doc. No. 10 at 26–27.) The government insists that "the stay ordered in the within matter continues to be necessary as the criminal investigation is ongoing[.]" (Doc. No. 35 at 4.)

Under 18 U.S.C. § 981(g)(1), "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." The statute defines "related criminal case" and "related criminal investigation" to mean "an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made." § 981(g)(4). The Court concludes that the 2021 criminal action and the present case are "related" under § 981(g)(4), as the criminal action involves the same facts, and many of the same individuals identified in the civil complaint have been charged in the criminal action. Moreover, it is clear that the criminal action grew out of—and was the result of—the government's criminal investigation into the same illegal gambling activities that underlie the civil forfeiture action.

The Court also finds that, for the same reasons it originally granted the stay, continuation of the stay is appropriate. "Where civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *United States v. All Funds on Deposit in Suntrust Account No. XXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006)

6

(quoting *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)); *see United States v. $144,210.77 in Funds Seized from Sunset Bank Account XXX-XX-XXX*, 63 F. Supp. 3d 1387, 1392 (N.D. Ga. 2014) (denying motion to lift stay where government's criminal investigation was ongoing). Even though Zwick has not been charged in the related criminal case, her access to discovery in the present civil action could still provide an avenue for the defendants in the criminal action to obtain otherwise unavailable documents and information. *See id*. at 1391 (citing *United States v. $129,852 in U.S. Currency*, No. 08-cv-1493, 2008 WL 5381863, at *2 (W.D. La. Dec. 17, 2008) (granting motion to stay where the claimants—mother and father of the accused—were not themselves defendants or targets of a criminal investigation, but where there was a high degree of relatedness and similarity between the civil and criminal matters)); *see also United States v. Contents of Nationwide Life Ins. Annuity Account*, No. 1:05-cv-196, 2007 WL 682530, at *1 (S.D. Ohio Mar. 1, 2007) (noting that a civil forfeiture action can be used as a "back door" method to obtain broad discovery and circumvent the narrow criminal discovery provided for in Fed. R. Crim. P. 16 and 18 U.S.C. § 3550). Accordingly, the Court finds that civil discovery in this matter will adversely affect the prosecution of the 2021 criminal case, making a continuation of the stay of this civil action proper.

### III. CONCLUSION

Because the Court finds good cause to continue the stay, Zwick's motion for partial relief from the stay (Doc. No. 34) is denied.

**IT IS SO ORDERED**.

Dated: December 28, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**